ELSTERMAN v. KAHLEN.

(Supreme Court, Appellate Term. March 9, 1900.)

1. EVIDENCE—RELEVANCY.
Where defendant, an indorser of a note, testified that he told the maker that he had no cash, and could not pay it, and afterwards made statements at variance with this, and his confidential clerk was put on the stand to corroborate defendant's statement as to what he told the maker of the note, it was proper to refuse to permit the clerk to testify what defendant's financial condition actually was at that time, since such evidence did not bear on the issue what he said it was.

2. SAME—HARMLESS ERROR IN ADMITTING EVIDENCE.
Error in overruling an objection by defendant to the question whether he had not promised to pay a note indorsed by him was harmless, where such promise had been brought out by defendant's other evidence.

Appeal from city court of New York, general term.

Action on a note by Ferdinand Elsterman against Cornelius Kahlen, as indorser.

At the trial defendant testified that he had told the maker that he had no cash, and could not pay it, but afterwards testified that, as a fact, he could have paid the note by taking money from his business. Defendant's general manager was then put on the stand, for the purpose of corroborating defendant's statement as to what he told the maker of the note, and was asked (folio 71) to state the condition of defendant's business at that time. An objection to this question was sustained, and defendant excepted. Defendant was asked (folio 66) if he did not give his word of honor that he would pay the note. An objection to this question was overruled, and plaintiff excepted. Defendant's attorney had previously brought out the fact that defendant had given his word of honor that he would pay the note (folio 48). Judgment was rendered in favor of plaintiff, and defendant appeals, assigning the rulings of the court as error. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Charles Oakes, for appellant.
Heyn & Covington, for respondent.

PER CURIAM. The objection at folio 71 was not well taken. The point was not what was the defendant's financial condition, but what had he said his financial condition was, and this evidence did not bear upon that point. The question at folio 66 to which the defendant objected does not seem to have been answered. Moreover, the facts sought to be shown by that question had been brought out by the defendant's attorney at page 48, and therefore the defendant was not injured by the ruling of the court. There are no other objections that are worthy of attention.

Judgment affirmed, with costs.